IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RAE BAER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-0999-CV-W-RED |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff's request for judicial review of the final decision of Defendant denying Plaintiff's claim for disability benefits. Plaintiff initially applied for both disability insurance benefits and supplemental security income on June 11, 2002. Plaintiff's application was denied and on June 7, 2004, Plaintiff had a hearing before an Administrative Law Judge (ALJ). On July 16, 2004, the ALJ denied Plaintiff's claim for disability benefits. This decision was appealed and on September 8, 2004, the Appeals Council denied Plaintiff's request for review.

Additional Medical Evidence

Plaintiff has filed Exhibits 1, 2 and 3 in this proceeding as additional medical evidence which Plaintiff claims was not available at the hearing before the ALJ. Plaintiff requests that this matter be remanded to the Secretary pursuant to sentence six of 42 U.S.C. § 405(g) for a further hearing to consider this additional evidence.

It is clear from the law that this Court may remand to the Secretary only upon a showing that

1

there is new material evidence, and that there is good cause for the Claimant's failure to incorporate such evidence into the record in the prior proceedings. *Chandler v. Secretary of Health and Human Services*, 722 F2d 369, 371 (8th Cir. 1983). Defendant points out that some of the "new" medical records were available to Plaintiff before the September 8, 2004, decision was issued by the Appeals Council, a factor which could mitigate against a finding of good cause. While this may be true for some of the records, it is also clear that a good portion of the records reflect medical evidence that occurred between September and December, 2004.

In order to support a remand, the "new" medical evidence must also be material and not merely cumulative. Another way of stating this requirement would be that if the new evidence were made a part of the record, the decision might be different. Exhibit 3 contains records from the Clay-Platte Family Medicine Clinic dated from March 17, 2004, to December 22, 2004. These records basically reflect examinations by Plaintiff's treating doctor, which include treatment for fibromyalgia and back pain. Exhibit 2 reflects records from St. Mary's Hospital concerning caudal epidural steroid injections administered on December 17 and 28, 2004, in which the pain for which the injection was given was described by Plaintiff as fibromyalgia-neck, shoulders, arms and low back. Exhibit 1 reflects records from Truman Medical Center for the period May 19, 2004, to December 27, 2004. This exhibit includes an MRI done on December 9, 2004, in which the relevant impression was, "a right paracentral disc herniation at L5-S1 causes mild bilateral neuroforamind narrowing." The remainder of the report is normal. During this same period of December, 2004, Plaintiff received two caudal epidural steroid injections for pain relief. It would be expected that she would get relief from these injections. Plaintiff filed her brief in this matter on April 29, 2005. Plaintiff did not provide any "new" medical records that reflected any further complaints or

2

treatment after December, 2004. There are no findings or statements by the treating physician in the "new" evidence submitted by Plaintiff that indicate that Plaintiff's low back pain was limiting her physical activities. The assessment in the Neurology Consultation, prepared on December 27, 2004, states in pertinent part that Plaintiff has "multiple somatic complaints" and "functional overlay to motor exam -- unable to find objective abnormalities." There is nothing about these records which provides any new material evidence on the issues of Plaintiff's complaints of generalized pain including low back pain. Upon review these records are considered cumulative of other evidence in the record and do not meet the standard of new and material evidence that had the evidence been before the Secretary, the decision might reasonably have been different. For these reasons, Plaintiff's request for a remand is **DENIED**.

### Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

3

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

Argument

Plaintiff contends the ALJ failed to correctly identify inconsistencies in Plaintiff's testimony which led to the ALJ's finding that Plaintiff's testimony was not entirely credible. The ALJ's finding referred to the "reasons stated in the body of this decision" as a basis for his finding that Claimant's testimony was not credible. A reading of the decision reflects several reasons that can be used to support the ALJ's finding.

Allegations of disabling pain may be properly discounted based on a failure to seek aggressive medical treatment. *Barrett v Shalala* 38 F.3d 1019, 1023 (8th Cir. 1994). Also inconsistencies in the record as a whole, including Claimant's physical activities, can support an ALJ's finding that a Claimant is not credible. *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991). The medical records reflect that Plaintiff's complaints of fibromyalgia, muscle aches, tingling and back pain have existed for several years. It is interesting to note that none of her treating physicians ever indicated that her conditions would limit her ability to work or partake in physical exercise. In fact, exercise has often been the health care provider's recommendation. Even as recently as May 19, 2004 (Exhibit 1 of Plaintiff's "new" evidence), Dr. Lynn DeMarco stated, "We tried to assure her that we did not feel that she had any type of serious musculoskeletal problem. We tried vigorously to convince her to try a progressive hardening exercise program and that should not be limited by postexertional pain." This particular medical evidence was not considered by the ALJ, but it reflects a consistent theme that was identified by the ALJ in his findings.

The ALJ pointed out the discrepancies in Plaintiff's claim by noting that Plaintiff submitted that her fibromyalgia precluded her from performing prolonged sitting, standing, walking and lifting and that it interfered with her ability to attend church and perform household chores. The ALJ contrasted these complaints with Plaintiff's medical record which shows that there have been scant

5

objective clinical findings to support her complaints, there has been no hospitalization or emergency room visits or care. Laboratory testing has been unremarkable and prescription medications have stabilized her symptoms. Her records reveal she was occasionally seen at her health clinic for medication refills which appeared from the records to successfully stabilize her fibromyalgia. Contrary to Plaintiff's claim that she was precluded from prolonged sitting, standing, walking and lifting, the consultive medical evaluations, particularly the report from Dr. Joyce Majure-Lees, concluded that Plaintiff was capable of performing prolonged sitting and lifting not more than 10 pounds, standing or walking for not more than four to six hours total, occasionally lifting not more that 20 pounds and had the ability to do fine motor tasks with her hands. This was supported by a non-examining state agency physician in September, 2002. Finally, the ALJ referred to Claimant's extensive daily activities of caring for herself, cooking, driving, doing household chores at her own pace, grocery shopping, occasionally partaking in her photography hobby, attending church, running errands, reading, socializing with family and friends and teaching two Bible classes per week.

Where conflicting allegations and claims exist, credibility findings are for the ALJ to make *Chamberlain v Shalala* 47 F.3d 1489, 1494 (8th Cir. 1995). The Court finds that the ALJ sufficiently set forth the inconsistencies which were relied upon in discrediting Plaintiff's subjective complaints. The ALJ's finding that Claimant's testimony was not credible is affirmed.

Plaintiff's next contention is that the ALJ's findings as to Plaintiff's residual functional capacity were not supported by evidence in the record. An ALJ bears the primary responsibility for assessing a Claimant's residual functional capacity based on all relevant evidence. *Roberts v Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The mere fact that working may cause Plaintiff pain or discomfort does not mandate a finding of disability. *Jones v Chater* 86 F.3d 823, 826 (8th Cir.

6

1996). It is undisputed that Plaintiff engages in significant daily activities as recited above. The medical records of Plaintiff's treating doctors do not reflect that any of said doctors felt that Plaintiff was limited to a significant degree in the performance of what would be considered a light level of work activity. Dr. Joyce Majure-Lees performed a disability evaluation and prepared a report dated August 24, 2002, in which she specifically found that Plaintiff could perform work-related activities that are fully in support of the ALJ's finding. The Court finds that there is substantial evidence to support the ALJ's findings concerning the Plaintiff's residual functional capacity.

Plaintiff claims that the hypothetical questions propounded by the ALJ to the vocational expert were improper and that they failed to precisely set forth Plaintiff's condition. In particular, Plaintiff complains about the failure to include Plaintiff's claimed lack of concentration, inability to stay focused on tasks and the time it takes Plaintiff to complete tasks. The ALJ's analysis of Plaintiff's testimony included a discussion of why Plaintiff's testimony concerning her complaints of depression with resulting concentration and attention deficits was not credible. The absence of any evidence of ongoing counseling or psychiatric treatment or of deterioration or change in a claimant's mental capabilities disfavors a finding of disability. *Roberts v. Apfel* at 469. The ALJ found that Plaintiff could perform at a light level of work activity. This finding was supported by the record as set forth above. The ALJ propounded a question to the vocational expert that incorporated the findings of Dr. Majure-Lees in regard to Plaintiff's residual functional capacity. A hypothetical question posed to a vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. *Hunt v Massanari*, 250 F.3d 622, 625 (8th Cir. 2001). In response to this question, the vocational expert responded that such an individual could perform Plaintiff's past relevant work. The ALJ for the reasons stated

above did not deem all of Plaintiff's testimony as credible. The hypotheticals presented to the vocational expert were supported by the evidence. Plaintiff's objections on this point are denied.

Finally, Plaintiff argued that the decision of the ALJ was not supported by substantial evidence on the record as a whole. A Claimant is not disabled if she can perform the actual functional demands and duties of her particular past relevant job or if she can perform the functional demands and job duties of the occupation as generally required by employers. *Jones v Chater* at 826. The ALJ properly found, consistent with the vocational expert's testimony, that Plaintiff had the residual functional capacity to perform her past relevant work as a minister, group counselor, photographer, social services coordinator and auto donations director. The Court finds the findings and conclusions of the ALJ are supported by substantial evidence in the record as a whole.

THEREFORE, for the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATE: December 20, 2005     */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT